UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1273 ODW (MRW) | Date | August 13, 2024 |
|---|---|---|---|
| Title | Stephens v. Mosqueda | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Eddie Ramirez | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:**   ORDER TO SHOW CAUSE RE: DISMISSAL

    1.    This is prisoner civil rights action against several prison officials and medical personnel. In 2021, Plaintiff filed her civil complaint in this federal court. (Docket # 1.) However, Plaintiff failed to pay the required filing fee. (Docket # 2.) In August 2021, the Court issued an order requiring Plaintiff to pay the fees owed or file an appropriate waiver of the fees by September 3, 2021. (Docket # 4.)

    2.    Plaintiff failed to do either in a timely manner. However, on September 29, 2021, the Court's docket reflects that Plaintiff paid the required filing fee.

    3.    After that, however, Plaintiff appears to have taken no action to litigate this action in civilian court. Plaintiff has neither served any of the named defendants nor filed a proof of service. Additionally, none of the defendants has filed a notice of appearance (either directly or through counsel) in the action. As a result, there has been no litigation activity in this civil action for nearly three years.[1]

\* \* \*

    4.    Federal Rule of Civil Procedure 4(m) states that "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant."

---

[1] Because she paid the Court's filing fees and never applied for in forma pauperis status, Plaintiff is not entitled to service of process by the United States Marshals Service. 28 U.S.C. § 1915(d). Additionally, because Plaintiff failed to advance the action, the Court has not screened the allegations to determine compliance with the Prison Litigation Reform Act. 28 U.S.C. § 1915A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 21-1273 ODW (MRW) | Date | August 13, 2024 |
|---|---|---|---|
| Title | Stephens v. Mosqueda | | |

     5.    Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

     6.    Plaintiff is ordered to show cause why this action should not be dismissed for failure to serve any defendant and/or failure to prosecute the action. Plaintiff must respond to this order by September 20 with (a) a sworn declaration explaining her extraordinary delay in advancing this civil lawsuit and (b) proof of service on all of the named parties. Failure to comply with this order will result in a recommendation that the action be dismissed with prejudice per Rule 41(b).