**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARAH ANN STEPHENS,<br><br>                Plaintiff,<br><br>        v.<br><br>MOSQUEDA et al.,<br><br>                Defendants. | Case No. EDCV 21-1273-ODW(JPR)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO RESPOND TO COURT ORDER AND FAILURE TO PROSECUTE |

On July 28, 2021, Plaintiff filed this civil-rights action; a couple of months later, after she was denied in forma pauperis status, she paid the filing fee. When she had not filed a proof of service or taken any other action in this case for years, the previously assigned magistrate judge issued an order to show cause why this action should not be dismissed for Plaintiff's failure to serve the complaint and to prosecute. On August 30, 2024, that order was returned in the mail as undeliverable. Plaintiff has never filed a change of address.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary

1

in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to do so, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a "rebuttable presumption of prejudice" to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Local Rule 41-6 likewise provides that

> [a] party proceeding pro se must keep the Court . . . informed of the party's current address . . . . If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Here, the first, second, third, and fifth Carey factors favor dismissal. Because Plaintiff has failed to file a change of address, the Court can't communicate with her and therefore can't manage its docket. Plus, because she hasn't responded to the order to show cause, she hasn't rebutted the presumption of

1  prejudice to Defendants.  Because of the Court's inability to
2  communicate with Plaintiff, no less drastic sanction exists.
3  Moreover, the Court cannot simply leave this case hanging on its
4  docket in the hope that Plaintiff one day reappears, particularly
5  given that it is already more than three years old.  Although the
6  fourth Carey factor weighs against dismissal — as it does in
7  every case — together, the other factors outweigh the public's
8  interest in disposing of the case on its merits.  See Scott v.
9  Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming
10 dismissal of civil-rights lawsuit in part because pro se
11 plaintiff failed to keep court apprised of change of address
12 under Local Rule 41-6).
13      It therefore is ORDERED that this action is dismissed with
14 prejudice under the Court's inherent power to achieve the orderly
15 and expeditious disposition of cases by dismissing them for
16 failure to prosecute and because Plaintiff has not responded to
17 the Court's August 13, 2024 order to show cause.  LET JUDGMENT BE
18 ENTERED ACCORDINGLY.

20 DATED: September 26, 2024     _____
21                                OTIS D. WRIGHT II
                                  U.S. DISTRICT JUDGE
22 Presented by:

23 _____
   Jean P. Rosenbluth
24 U.S. Magistrate Judge

3